## GARFIELD NAT. BANK *v.* BOSTWICK *et al.*

*(City Court of New York, General Term. June 19, 1891.)*

SUPPLEMENTARY PROCEEDINGS—RECEIVER—SECOND APPOINTMENT.

> In supplementary proceedings in the city court of New York, an order was entered by a justice of that court extending the receivership of a person who had theretofore been appointed receiver of the same debtor in supplementary proceedings in the supreme court. Afterwards the order extending the receivership was vacated, and another person was appointed receiver by the justice of the city court. *Held,* that the appointment of a new receiver was unauthorized, under Code Civil Proc. N. Y. § 2466, which provides that "only one receiver of the property of a judgment debtor shall be appointed. Where a receiver thereof has already been appointed, the judge * * * must make an order extending the receivership to the special proceeding before him," instead of appointing a receiver; and section 2471, which provides that, when an order of extension is made, the control over, and direction of, the receiver remains in the court to whose control and direction he was originally subject.

Appeal from trial term.

Action by Garfield National Bank against William L. Bostwick and another. In proceedings supplementary to an execution, an order was entered on the 13th day of March, 1891, extending the receivership of one Mynderse Van Cleef, who had theretofore been appointed by the supreme court in an

action in Tompkins county, which order of extension required him to give additional security in the sum of $800. Afterwards an order was entered vacating the order by which the receivership was extended, and appointing one George J. Vestner receiver in the place of Van Cleef. Defendant William L. Bostwick appeals.

Argued before EHRLICH, C. J., and McGOWN and McCARTHY, JJ.

*Edwin B. Root,* (*Henry M. Love,* of counsel,) for appellant. *John J. Adams,* for respondents.

McGOWN, J. A judgment was recovered on the 7th day of April, 1885, in the supreme court, Tompkins county, by the Tompkins County National Bank, plaintiff, against William L. Bostwick, the above-named defendant, for the sum of $3,815.81; and on the 17th day of April, 1885, in a special proceeding supplemental to an execution, issued on said judgment, Mynderse Van Cleef was, by an order made and entered on April 17, 1885, appointed by the Honorable MARCUS LYON, justice of said court, receiver of the property of said Bostwick. In pursuance of said order, the receiver executed a bond as required by said order, with sureties in a penalty of $5,000, and which bond was duly approved and filed in the clerk's office of Tompkins county, on the 18th day of April, 1885, and said receiver thereupon became invested with all the rights and powers of a receiver of the property of said defendant William L. Bostwick. On the 2d day of May, 1890, a judgment was recovered in this action against said defendant, and in favor of the above-named plaintiff, for the sum of $749.81. Execution issued thereon, returned unsatisfied, and proceedings supplementary to execution were had, and an order made and entered in the office of the clerk of the city and county of New York, on the 13th day of March, 1891, extending the receivership of said Mynderse Van Cleef (appointed receiver in the action in the supreme court, as hereinbefore stated) to the proceedings in this action, as receiver of all the property of said defendant Bostwick, and requiring him to furnish additional security as such receiver. On the 6th day of May, 1891, an order was made herein, vacating the order granted on the 13th day of March, 1891, (extending the receivership of said Van Cleef, receiver,) and appointing one George J. Vestner, receiver of the debts, etc., of said defendant Bostwick, in the place and stead of said Van Cleef. The defendant herein (the judgment debtor in the supplemental proceedings) appeals from this order. Section 2466 of the Code of Civil Procedure provides that "only one receiver of the property of a judgment debtor shall be appointed. Where a receiver thereof has already been appointed, the judge, instead of making the order prescribed in the last section but one, (section 2464,[1]) must make an order extending the receivership to the special proceeding before him," etc. Section 2471 provides that "a receiver appointed * * * is subject to the direction and control of the court out of which the execution was issued. Where an order has been made, extending the receivership to a special proceeding founded upon a subsequent judgment, the control over and direction of the receiver, with respect to the judgment, remains in the court to whose control and direction he was originally subject." The order appealed from virtually removes Van Cleef as receiver, by appointing Vestner receiver, "in place and stead of said Van Cleef, receiver." There is no power in this court to remove a receiver appointed by the supreme court. Such removal can only be made by the supreme court by whom he was appointed. Upon the appointment of Van Cleef as receiver, he became an officer of the court, and was appointed for the benefit of all creditors who have commenced, or shall commence, similar proceedings. *Banks* v. *Potter,* 21 How. Pr. 469. The order appealed from must be reversed, with costs. All concur.

[1] Section 2464 provides for the appointment of a receiver.